IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-323-18 |
| ERVEN TOWERS-ROLON | : | |

## MEMORANDUM ORDER

This 16th day of September, 2015, upon consideration of Defendant Erven Towers-Rolon's Motion for Disclosure of Promises to Government Witness (Doc. 294), and the Government's Response thereto (Doc. 352), it is **ORDERED** that Defendant's Motion is **DENIED AS MOOT** for the reasons that follow.

Defendant's Motion seeks disclosure of information indicating whether any witnesses the government intends to call at trial were offered a reward or inducement in exchange for that testimony. Def.'s Mot. for Disclosure. Defendant argues that this "information is material to the question of whether or not the testimony is to be believed by the trier of fact." Def.'s Mot. for Disclosure at 1. "Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility." *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983). When the reliability of a given witness may be determinative of guilt or innocence, information affecting that witness's credibility is potentially exculpatory evidence that falls within the *Brady* rule and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972). *Id.* The government concedes that the information requested appears to fall within *Brady/Giglio*, thus obligating the government to disclose it. Government's Resp. at 3.

1

"Determining that the requested information falls under *Brady*, however, does not resolve the more difficult question of when that information must be disclosed." *Higgs*, 713 F.2d at 43. Defendant does not specify in his Motion how far in advance of trial he requests the disclosure. *Brady* rests on the requirements of due process, so disclosure is required to be made, at a minimum, "in time for its effective use at trial." *Id.* at 43–44. The Third Circuit has said that this is satisfied "as long as disclosure is made the day that the government witnesses are scheduled to testify in court." *Id.* at 44.

A district court may, within its discretion, order that disclosures related to cooperating witnesses be made further in advance of trial "in order to ensure the effective administration of the criminal justice system." *Id.* at n. 6. However, this discretion is limited, and courts may not compel these disclosures in advance of trial if doing so would create a probability of witness intimidation. *See id.* (finding a district court's order compelling disclosure of government promises a week before trial to be an abuse of discretion when the information was to be provided solely to help defendants in cross-examining witnesses at trial, and the disclosure imperiled witness safety).

In the present case, Defendant's Motion does not allege that this disclosure would be for any reason aside from helping in cross-examination of witnesses, and it does not demonstrate a need for an order requiring immediate disclosure. As such it does little more than request that the government honor its obligations under *Brady* and *Giglio* to provide disclosure in time for effective use at trial. The government has committed to "disclose any *Giglio* material sufficiently in advance of trial to give the defendant the opportunity to effectively cross-examine the witness." Government's Resp. at 3. I am satisfied by the government's representation that it intends to honor its obligations in a timely manner, and therefore, I deny Defendant's motion as

2

moot, without prejudice to the right of this or any Defendant to renew the Motion as trial approaches.

/s/ Gerald A. McHugh

Gerald A. McHugh, J.
United States District Judge